IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ___1:22-cv-00783_____

SHALONDA S. PENDLETON f/k/a SHALONDA S. BOWIE,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

## COMPLAINT

NOW comes SHALONDA S. PENDLETON f/k/a SHALONDA S. BOWIE ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, Colorado Consumer Protection Act ("CCPA") under C.R.S. 6-1-101 *et seq.*, as well as Invasion of Privacy ("IOP"), and Trespass to Chattels ("TTC"), for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial amount of the events and omissions that gave rise to Plaintiff's cause of action occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Aurora, Colorado which is within the District of Colorado.

5. Defendant is a collection company that claims to "specialize in servicing accounts that have fallen behind and have been charged by the lender."[1] Defendant is incorporated in the state of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an allegedly defaulted consumer line of credit ("subject debt") Plaintiff purportedly owed to Comenity Bank.

8. Plaintiff allegedly incurred the subject debt in order to purchase personal and other consumer goods and/or services.

9. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off, ultimately winding up in Defendant's hands for collection.

10. Several months ago, Plaintiff began receiving calls to her cellular phone, (720) XXX-2413, from Defendant.

---

[1] https://www.midlandcredit.com/who-is-mcm/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2413. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has used several numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (844) 724-0655, (844) 923-4582, and (866) 671-8079.

13. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

14. During answered calls, Plaintiff was subjected to a noticeable pause, having to say "hello" several times, before being connected to a live representative.

15. Upon speaking with Defendant, Plaintiff was informed that it is acting as a debt collector attempting to collect upon the subject debt.

16. Defendant's harassing collection campaign caused Plaintiff to demand that Defendant cease calling her cellular phone.

17. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone seeking payment on the subject debt.

18. Plaintiff has received dozens of calls from Defendant despite Plaintiff's explicit demands such contacts cease.

19. Frustrated over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Furthermore, Plaintiff suffers from a disability which heightens her anxiety and Defendant's conduct has worsened her condition.

22. Plaintiff was forced to take additional medication as a result of her heighten anxiety.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls from debt collectors, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least a dozen times after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

31. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

    b. **Violations of FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact her. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it no longer had consent to do so.

    c. **Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

5

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least dozen calls after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. As pled in paragraphs 19 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, SHALONDA S. PENDLETON f/k/a SHALONDA S. BOWIE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Defendant is a "person" as defined by C.R.S § 6-1-102(6).

   **a. Violations of C.R.S. § 6-1-105(1)(kkk)**

40. The CCPA, pursuant to C.R.S. § 6-1-105(1)(kkk) states that "knowingly or recklessly engaging in unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice;" is prohibited practice and declared unlawful.

41. Defendant violated the CCPA by engaging in an unfair, unconscionable, and deceptive acts in contacting Plaintiff. Defendant willfully engaged in unfair conduct when it repeatedly called Plaintiff after being notified to cease its contacts. The fact Plaintiff was compelled to reiterate her demands for no further phone calls on a number of occasions only further evidences the willfully unfair and unconscionable conduct engaged in by Defendant. Defendant engaged in its harassing phone call campaign not in a legitimate attempt to contact a consumer about payment, but instead in a willfully and/or recklessly and unfairly attempt to harass a consumer into submission.

42. The repeated contacts were extremely unfair to Plaintiff and were made with deception and the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Defendant knowingly and unconscionably contacted Plaintiff multiple times per day. However, in continuing to make such calls, Defendant unlawfully represented to Plaintiff its lawful ability to make such harassing phone calls. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing and deceptive campaign of phone calls in hopes of extracting payment.

WHEREFORE, Plaintiff, SHALONDA S. PENDLETON f/k/a SHALONDA S. BOWIE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages in the amount of at least $500 pursuant to C.R.S. § 6-1-113(2)(a),

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to C.R.S. § 6-1-113(2)(b);

d.  Enjoining Defendant t from further contacting Plaintiff; and,

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

45. Defendant's persistent and unwanted phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

46. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the same day was highly intrusive and invasive.

47. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy her life, instead having it upended by Defendant's harassing phone call campaign.

48. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought her cellular phone.

49. By continuing to call Plaintiff after she demanded such calls stop, Defendant gave Plaintiff no reasonable escape from its incessant calls.

50. As detailed above, by persistently calling Plaintiff's cellular phone after repeatedly demanding such calls cease, Defendant invaded Plaintiff' s right to privacy and caused Plaintiff to suffer concrete and particularized harm.

51. Defendant's relentless collection efforts and tactic of repeatedly calling Plaintiff's cellular phone after she requested that these calls cease is highly offensive to a reasonable person.

52. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing repeated and persistent phone calls to Plaintiff's cellular phone despite knowing the invasive and unwanted nature of such contacts.

WHEREFORE, Plaintiff, SHALONDA S. PENDLETON f/k/a SHALONDA S. BOWIE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT IV-TRESPASS TO CHATTELS

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

55. Courts have applied this tort theory to unwanted telephone calls and text messages. See Czech v. Wall St. on Demand, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and Amos Financial,

L.L.C. v. H&B&T Corp., 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

56. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

57. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

58. Defendant barraged Plaintiff with repeated and consistent phone calls after she made demands that the calls stop, including multiple phone calls on the same day and calls very early in the day, leaving her unable to use or possess her cellular phone in the manner in which she wanted to during such time.

59. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff repeatedly stated that Defendant must cease contacting her via phone calls.

60. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to her cellular phone, the loss of battery charge, and the loss of battery life.

61. Plaintiff also suffered damages in the form of stress, anxiety, and extreme emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

WHEREFORE, Plaintiff, SHALONDA S. PENDLETON f/k/a SHALONDA S. BOWIE, respectfully requests that the Arbitrator enter judgment in her favor as follows:

 a. Enter judgment in favor of Plaintiff and against Defendant;

 b. Award Plaintiff actual damages in an amount to be determined at trial;

 c. Award Plaintiff punitive damages in an amount to be determined at trial;

    d.  Enjoining Defendant t from contacting Plaintiff;

    e.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: March 30, 2022                            Respectfully Submitted,

<u>/s/ Nathan C. Volheim</u>
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com